UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| VICTOR J. RAGUCCI, ) | Case No. 6:09-bk-06159-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| RAYMOND M. SIDNEY ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | Adv. Pro. No. 6:09-ap-00900-KSJ |
| VICTOR J. RAGUCCI, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM OPINION**

The plaintiff, Raymond M. Sidney, was an investor in BarrierMed, Inc. and one of its subsidiaries, BarrierMed Glove Co. (collectively, "BarrierMed"). The debtor, Victor J. Ragucci, was formerly the Chairman, Chief Executive Officer, President, and controlling shareholder of BarrierMed. Sidney filed a four-count Complaint for Determination of Dischargeability of a Debt[1] in this bankruptcy case averring in Count 1 that a default judgment of $21,000,000 entered against Ragucci is not dischargeable under Section 523(a)(6) of the Bankruptcy Code.[2] Sidney now seeks a summary judgment[3] relying on the doctrine of collateral estoppel. Sidney also seeks the dismissal of Ragucci's counterclaim[4] against him, arguing that only the Chapter 7 trustee has standing to assert the claim.[5] For the reasons explained in this opinion, the Court will dismiss

---

[1] Doc. No. 1.
[2] Unless otherwise stated, all references to the Bankruptcy Code herein refer to Title 11 of the United States Code.
[3] Doc. No. 24.
[4] Doc. No. 19.
[5] Doc. No. 23.

the debtor's counterclaim and will enter judgment in favor of Sidney finding that the judgment is non-dischargeable.[6]

Ragucci's debt to Sidney stems from the default judgment entered against him by the United States District Court for the Middle District of Florida, Orlando Division.[7] Sidney's multi-count civil complaint[8] against Ragucci alleged, among other things, fraud and civil theft involving $7,000,000 of investments or loans Sidney made to BarrierMed. Specifically, in Count III of the civil complaint, Sidney asserted that Ragucci violated Florida's Civil Theft Act, Florida Statute Section 772.11, which provides for treble damages.

Sidney filed the civil complaint on July 12, 2007. Ragucci timely filed his answer,[9] in which he asserted several affirmative defenses. Ragucci also agreed to a joint Case Management Report.[10] On December 18, 2007, Magistrate Judge Baker granted James Miller's Motion to Withdraw as Counsel to Ragucci.[11] Judge Baker noted that Ragucci received notice of, and was ordered to appear at, the hearing on the Motion to Withdraw, but failed to do so.[12] In his Order, Judge Baker advised Ragucci that:

> [U]nless and until substitute counsel shall appear on his behalf, he is **personally liable** for the defense of this action, including compliance with all Court orders, federal and local rules, and all the case management deadlines. Failure to comply with all the applicable rules and orders may lead to the imposition of sanctions, which may include monetary sanctions and/or the striking of pleadings and the entry of default judgment against him. As such, Defendant is **admonished** for failing to attend the hearing, as directed in the Notice. Defendant is **cautioned** that future derelictions will be met with sanctions.

---

[6] Sidney also filed a Motion to Strike Ragucci's Reply to the Motion for Summary Judgment (Doc. No. 32) arguing the reply was untimely. The Court will deny this request. Striking the reply serves no substantive purpose.
[7] Judge Gregory A. Presnell, confirming and adopting the Report and Recommendation by United States Magistrate Judge David A. Baker, rendered the default judgment on September 9, 2008, in the United States District Court for the Middle District of Florida, Orlando Division, in a case styled <u>Florence Chu Tung and Raymond M. Sidney v. Victor Ragucci</u>, Case No. 6:07-cv-1158-Orl-31DAB.
[8] Doc. No. 24, Exh. 1.
[9] Doc. No. 24, Exh. 4.
[10] Doc. No. 24, Exh. 5.
[11] Doc. No. 24, Exh. 6.
[12] <u>Id.</u>

(Bold in original).[13]

Ragucci actively represented himself in the civil action after his attorney withdrew. On January 30, 2008, Sidney served on Ragucci his First Request for Admission,[14] First Request for Production of Documents,[15] and First Set of Interrogatories.[16] Ragucci responded to all of these. On June 16, 2008, Ragucci filed a motion requesting an *ex parte* hearing[17] with Judge Presnell. Ragucci participated in two mediation conferences, on June 5, 2008, and June 20, 2008, which both resulted in an impasse.[18]

Ragucci eventually stopped participating in the litigation. On May 23, 2008, Ragucci failed to appear at a deposition, despite receiving notice.[19] Sidney then filed a Motion for Sanctions for Failure to Appear for Deposition.[20] In response, Judge Baker issued his first Report and Recommendation,[21] on July 8, 2008, which pointed out Ragucci's past failures to: appear at the withdrawal hearing, attend the deposition, and respond to Sidney's Motion for Sanctions.[22] Judge Baker also noted Ragucci's failure to respond to an Order to Show Cause regarding what the Court perceived as Ragucci's abandonment of his defense.[23] Judge Baker further noted that the Order to Show Cause had cautioned Ragucci that "'failure to timely file the written response ordered herein shall result in the imposition of sanctions, which may include the striking of pleadings and entry of a default, as well as monetary sanctions, without further notice.'"[24]

---

[13] Id.
[14] Doc. No. 24, Exh. 7., pt. 1, p. 33.
[15] Id. at p. 72.
[16] Id. at p. 83.
[17] Doc. No. 24, Exh. 9.
[18] Doc. No. 24, Exh. 8.
[19] Doc. No. 24, Exh. 7., pt. 1, pp. 11-32.
[20] Id. at p. 1.
[21] Doc. No. 1, Exh. A.
[22] Id.
[23] Id.
[24] Id.

Judge Baker recommended that the District Court Judge strike Ragucci's Answer and enter a default as a sanction.[25] Moreover, Judge Baker recommended that Sidney promptly move for entry of default judgment and noted that "[f]ailure to file written objections to the proposed findings and recommendations in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal."[26] On July, 29, 2008, District Judge Presnell confirmed and adopted the first Report and Recommendation.[27]

Ragucci filed no objections; nor did he file a response to Sidney's subsequent Second and Final Corrected Motion for Entry of Final Judgment by Default.[28] Judge Baker's second Report and Recommendation,[29] issued on August 20, 2008, specified the asserted violation of Florida's Civil Theft Act and recommended that final judgment be entered in favor of Sidney in the amount of $21,000,000, plus costs.[30] Again, Judge Baker noted that failure to file written objections within ten days would bar an aggrieved party from attacking the findings on appeal.[31] Again, Ragucci did not file an objection.

On September 9, 2008, Judge Presnell issued an order[32] confirming and adopting the second Report and Recommendation, granting Sidney's Second and Final Corrected Motion for Entry of Final Judgment by Default, and directing entry of default judgment in the amount of $21,000,000.00, plus costs, in Sidney's favor.[33] The Court entered the judgment on October 15, 2008.[34]

---

[25] Id.
[26] Id.
[27] Doc. No. 1, Exh. B.
[28] Doc. No. 1, Exh. C.
[29] Doc. No. 1, Exh. D.
[30] Id.
[31] Id.
[32] Doc. No. 1, Exh. E.
[33] Id.
[34] Doc. No. 24, Exh. 20.

On May 5, 2009, Ragucci filed this Chapter 7 bankruptcy case hoping to discharge the judgment debt. In response, Sidney filed this adversary proceeding contending that the judgment is not dischargeable. Ragucci filed an answer and counterclaim alleging tortious interference by Sidney in BarrierMed's business. Sidney first seeks summary judgment asserting that the doctrine of collateral estoppel bars Ragucci from relitigating whether he willfully and maliciously injured the plaintiff. Sidney second seeks to dismiss the counterclaim contending Ragucci lacks standing.

*Plaintiff's Motion for Summary Judgment*

Pursuant to Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, a court may grant summary judgment where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party has the burden of establishing the right to summary judgment. *Fitzpatrick v. Schlitz (In re Schlitz)*, 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986). In determining entitlement to summary judgment, a court must view all evidence and make all reasonable inferences in favor of the party opposing the motion. *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995) (*citing Dibrell Bros. Int'l S.A. v. Banca Nazionale Del Lavaro*, 38 F.3d 1571, 1578 (11th Cir. 1994)). Therefore, a material factual dispute precludes summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Collateral estoppel prohibits the relitigation of issues that have been adjudicated in a prior action. The principles of collateral estoppel apply in discharge exception proceedings in bankruptcy court." *Bush v. Balfour Beatty Bahamas, Ltd.*, 62 F.3d 1319, 1322 (11th Cir. 1995). The United States Court of Appeals for the Eleventh Circuit has held that in order for a party to be estopped from relitigating an issue regarding the dischargeability of a debt, the following four

elements must be present: (i) the issue in the prior action and the issue in the bankruptcy action are identical; (ii) the bankruptcy issue was actually litigated in the prior action; (iii) the determination of the issue in the prior action was a critical and necessary part of the judgment in that litigation; and (iv) the burden of proof in the dischargeability proceeding must not be significantly heavier than the burden of proof in the prior action. *Id*. In this case, each of the four prongs is satisfied.

The first collateral estoppel prong is present because Count III of Sidney's civil complaint, asserting a violation of Florida's Civil Theft Act, and Count I of Sidney's bankruptcy complaint involve the same issue of willful and malicious injury. Section 523(a)(6) of the Bankruptcy Code provides that any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is non-dischargeable. When Section 523(a)(6) is at the center of a complaint for determination of dischargeability, a prior judgment finding liability under Florida's Civil Theft Act establishes willful and malicious injury and thus satisfies the first collateral estoppel prong. *Latch v. Sunco Sales*, 820 F.2d 1163, 1166 (11th Cir. 1987). Like *Latch*, Judge Baker's second Report and Recommendation based its conclusion on a finding that Ragucci had violated Florida's Civil Theft Act.[35] The issues in Ragucci's civil case and in this bankruptcy proceeding therefore are identical.

The third collateral estoppel prong is also present. The United States District Court's finding of criminal intent was a critical and necessary part of the judgment because criminal intent must be shown to find liability under Florida's Civil Theft Act. *Latch*, 820 F.2d at 1165. *Latch* affirmed a United States District Court's finding that the Civil Theft Act "had an intent requirement which constituted the elements of willful and malicious injury under the bankruptcy code." *Id.* Thus, the finding of criminal intent by the United States District Court in the instant

---

[35] Doc. No. 1, Exh. D.

case was a finding of willful and malicious injury that was critical and necessary to the judgment.

As to the fourth collateral estoppel prong, the burden of persuasion in this dischargeability proceeding is not heavier than the burden of persuasion in the initial civil action; in fact, it is lighter. Florida Statute Section 772.11 states that civil theft must be proven by clear and convincing evidence, whereas the burden of persuasion in this bankruptcy proceeding is preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991); Fed. R. Bankr. P. 4005.

The crux of this case thus turns on the second collateral estoppel prong: whether the issue of willful and malicious injury was actually litigated in Ragucci's civil case. Whether to apply collateral estoppel "is within the sound discretion of the trial court." *Bush*, 62 F.3d at 1325 n. 8 (*citing Parklane Hosiery Company, Inc. v. Shore*, 439 U.S. 322, 331 (1979)). "Ordinarily a default judgment will not support the application of collateral estoppel because '[i]n the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated.'" *Bush*, 62 F.3d at 1323 (*citing* Restatement (Second) of Judgments § 27 cmt. e (1982)). But "[w]here a party has substantially participated in an action in which he had a full and fair opportunity to defend on the merits, but subsequently chooses not to do so . . . it is not an abuse of discretion . . . to apply the doctrine of collateral estoppel to prevent further litigation of the issues resolved by the default judgment in the prior action." *Bush*, 62 F.3d at 1325.

Although the amount of the outstanding judgment is huge, the Court here is convinced that Ragucci substantially participated in his prior civil case. He retained an attorney, filed his answer to the civil complaint, participated in preparing the Case Management Report, participated in two Mediation Conferences, and filed a motion for an *ex parte* hearing with Judge Presnell. He was given a full and fair opportunity to defend himself on the merits.

At critical points, however, Ragucci decided not to participate. He failed to attend the properly noticed withdrawal hearing, failed to appear at his deposition, failed to file a response to the Order to Show Cause, failed to file a response to Sidney's Motion for Sanctions, failed to file an objection to the first Report and Recommendation, failed to file a response to Sidney's Second and Final Corrected Motion for Entry of Final Judgment by Default, and failed to file an objection to the second Report and Recommendation. The United States District Court repeatedly warned Ragucci of the consequences of non-participation and informed him that such behavior could result in a default judgment. The Court therefore exercises her discretion and finds that the civil case was actually litigated and that the resulting judgment is non-dischargeable.

Ragucci argues that he went through most of the civil case unrepresented by counsel, did not understand the legal process and procedures, and did not actively defend himself.[36] However, in the Eleventh Circuit, *pro se* litigants are held to the same standards, same laws, and same rules of court as those represented by counsel. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). "These rules provide for sanctions for misconduct and for failure to comply with court orders." *Id.* Despite his *pro se* status, Ragucci was still subject to the Federal Rules of Civil Procedure and thus subject to sanctions, including the entry of default judgment, for failure to attend his own deposition. Fed. R. Civ. P. 37(b)(2)(A)(vi), 37(d)(1).

Ragucci was repeatedly warned about the consequences of non-participation. Judge Baker explicitly warned Ragucci after the withdrawal hearing that a default judgment could be entered against him for failure to comply with all rules and court orders.[37] The day before his deposition, Ragucci contacted counsel for Sidney via an email[38] to inform her that he was not

---

[36] Doc. No. 31, p. 4.
[37] Doc. No. 24, Exh. 6.
[38] Doc. No. 24, Exh. 7., pt. 1, p. 28.

represented by counsel and thus would not appear at the deposition.[39] Sidney's counsel responded via an email[40] within the hour urging Ragucci to appear and cautioning him that Sidney would move for sanctions against Ragucci if he failed to appear.[41] Judge Baker noted in his first Report and Recommendation that Ragucci was warned in the Order to Show Cause that failure to respond would result in sanctions which could include the entry of default judgment.[42]

Ragucci's *pro se* status and legal inexperience do not change the fact that Ragucci failed to heed numerous warnings and failed to take advantage of numerous opportunities to defend himself in the civil case. Ragucci's status does not change the fact that the civil case was actually litigated.

Ragucci presented no mitigating factors as to why he did not participate in the civil case at its critical points. This Court gave Ragucci ample opportunity at the May, 20, 2010, evidentiary hearing to explain his failure to fully participate in the civil case. Ragucci, appearing *pro se*, did not explain his failure, but instead spent his time disputing the facts and attempting to relitigate the issues from the civil case.

Accordingly, the Court will grant Sidney's Motion for Summary Judgment. The Default Final Judgment obtained by Sidney against the debtor is not dischargeable pursuant to Section 523(9)(6) of the Bankruptcy Code.

### *Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012(b), "a party may move to dismiss a counterclaim on the ground that it fails to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6); *In re Kressner*, 159 B.R. 428, 431 (Bankr. S.D.N.Y. 1993). When considering a Rule 12(b)(6)

---

[39] Id.
[40] Id. at 30.
[41] Id.
[42] Doc. No. 1, Exh. A.

motion, "the court may not consider any material other than the pleadings." *Id.* (*citing Carter v. Stanton*, 405 U.S. 669, 671, 92 (1972)). "The court must presume all factual allegations in the counterclaims to be true and make all reasonable inferences in favor of the non-moving party." *Id.* (*citing Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Generally, the trustee is the only party with standing to prosecute a pre-petition cause of action, because the claim is an asset of the Chapter 7 bankruptcy estate unless abandoned pursuant to Section 554 of the Bankruptcy Code. *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). A cause of action is considered pre-petition if it is "sufficiently rooted in the pre-bankruptcy past." *Witko v. Menotte (In re Witko)*, 374 F.3d 1040, 1043 (11th Cir. 2004) (*citing Segal v. Rochelle*, 382 U.S. 375, 380 (1966)). "Federal law determines whether an interest is property of the bankruptcy estate . . . and '[p]roperty interests are created and defined by state law.'" *Witko*, 374 F.3d at 1043 (*citing Butner v. United States*, 440 U.S. 48, 55 (1979)).

Ragucci's Amended Counterclaim appears to allege a cause of action against Sidney for tortious interference with business relationships that is rooted in actions taken several years ago, all occurring prior to Ragucci's filing of his Chapter 7 petition on May 5, 2009. Under Florida law, four elements are necessary to establish a claim of tortious interference with a business relationship: 1) the existence of a business relationship; 2) the defendant's knowledge of this relationship; 3) the defendant's intentional and unjustified interference with this relationship; and 4) damage as a result. *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985). "A cause of action accrues when the last element constituting the cause of action occurs." FLA. STAT. § 95.031(1) (2009).

Specifically, the counterclaim asserts: Ragucci was BarrierMed's Chief Executive Officer, Sidney was an investor in BarrierMed prior to December 14, 2006, Sidney demanded the return of his investment on or about December 14, 2006, Sidney threatened to destroy BarrierMed if the demand was not met, and Sidney intentionally and wrongfully destroyed BarrierMed, materially damaging Ragucci by causing him to lose his entire investment in BarrierMed.[43] The counterclaim does not specify exactly when the tortious conduct and damage occurred. But paragraph 18 of Ragucci's Statement of Financial Affairs states that Ragucci's interest as an officer and/or five percent investor in BarrierMed ended in 2008.[44] During the evidentiary hearing on May 20, 2010, Ragucci stated that he has gone almost three years with no income because Sidney has destroyed his career. Therefore, all four elements of the counterclaim for tortious interference with business relationships occurred prior to May 5, 2009, the date Ragucci filed this bankruptcy case. The counterclaim accrued pre-petition.

This alleged tort is a pre-petition cause of action and is property of the Chapter 7 estate. Ragucci never listed this cause of action on his bankruptcy schedules, and the trustee has not abandoned this cause of action. Thus, the Amended Counterclaim is a pre-petition cause of action that is property of the Chapter 7 bankruptcy estate. Only the trustee has standing to pursue the claim. As such, Ragucci lacks standing to pursue the Amended Counterclaim. Accordingly, the Court will grant Sidney's Motion to Dismiss Ragucci's Amended Counterclaim.

For these reasons, the Court holds that collateral estoppel precludes Ragucci from relitigating the issue of willful and malicious injury in this adversary proceeding. No genuine issue of material fact exists as to whether the judgment debt owed by Ragucci to Sidney is a debt stemming from willful and malicious injury. Sidney is entitled to summary judgment as a matter

---

[43] Doc. No. 19, ¶¶ 28, 30-33.
[44] Case No. 6:09-bk-06159-KSJ, Doc. No. 5, p. 53.

of law as to the dischargeability of the judgment debt.  The Court determines that the judgment debt is non-dischargeable under Section 523(a)(6) of the Bankruptcy Code.

 A separate order consistent with this Memorandum Opinion shall be entered.

 DONE AND ORDERED in Orlando, FL, on July 9, 2010.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Pro Se Defendant:  Victor J. Ragucci, 549 Lakeshore Circle, Lake Mary, FL  32746

Plaintiff's Attorney:  Samuel J. Zusmann, Jr., Holland & Knight LLP, P.O. Box 1526, Orlando, FL  32802